# New Kensington Distilling Company's License.

*Liquor laws—Distiller's license—New license—Act of July 30, 1897, P. L. 464.*

Where a distilling company is granted a license upon going into business, and during its first year of business distils a large quantity of whisky, and at the end of the first year is granted a new license, but during the second year, although it continues its business by selling its products theretofore made, distils no whisky, it will not, in taking out a license for the third year, be required to pay a license fee of $1,000, as a new applicant within the meaning of that term in the Act of July 30, 1897, P. L. 464, but it will only be required to pay a fee of $100 as having distilled, as an old applicant, less than fifty barrels during the preceding year.

Argued April 19, 1910. Appeal, No. 5, April T., 1910, by the New Kensington Distilling Company, from order of Q. S. Westmoreland Co., Feb. T., 1909, No. 30, requiring appellant to pay a license fee of $1,000 in case of Application of New Kensington Distilling Company for a

distiller's license.  Before RICE, P. J., HENDERSON, MOR-
RISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Order
modified.

Petition for distiller's license.  Before DOTY, P. J., and
MCCONNELL, J.

The facts of the case are stated in the opinion of the
Superior Court.

*Error assigned* was portion of order requiring the ap-
plicant to pay a license fee of $1,000.

*David E. Mitchell*, with him *William A. Griffith*, for ap-
pellant, cited: Doolittle v. Luzerne County, 6 Kulp, 495;
Davis v. Patterson, 12 Pa. Superior Ct. 479; Altenburg v.
Com., 126 Pa. 602.

*Joseph A. McCurdy*, county solicitor, with him *J. E. B.
Cunningham*, for appellee.

OPINION BY PORTER, J., March 3, 1911:

The appellant company was granted a distiller's li-
cense, at February sessions, 1907, of the court of quarter
sessions of Westmoreland county, for a distillery located
in the borough of New Kensington and, being a new ap-
plicant, paid a license fee of $1,000.  During the year it
operated under this license it distilled 671 barrels of
whiskey and at February sessions, 1908, was granted a
license for the following year, for which it paid a license
fee of $1,000, based upon the amount manufactured.
The distilling company presented, at February sessions
1909, a petition for a license for the ensuing year, which
petition was accompanied by an affidavit as to the amount
of liquor distilled during the preceding year, as required
by sec. 1 of the act of July 30, 1897.  This affidavit stated
that no liquor had been manufactured at the distillery
during the preceding year, and that statement is con-
ceded to be true.  The court below made an order grant-
ing the license prayed for, but being of opinion that, be-

cause the distiller had manufactured no liquor during the preceding year, the licensee must be treated as a new applicant, fixed the license fee to be paid at $1,000. The court subsequently amended its order and directed that "said company is permitted and directed to pay said fee under protest to the county treasurer, without prejudice, however, to the right of petitioner to appeal from said order setting said fee at $1,000; and further, without prejudice to the petitioner, in the event that said order should be reversed or amended by the appellate court, to take the necessary steps to secure from the county the said license fee or the proportion thereof which may be declared excessive by the appellate court;" and at the same time granted an exception to the applicant and sealed a bill. The appellant assigns for error that part of the final order of the court below fixing the license fee at $1,000.

The question involves the construction of the Act of July 30, 1897, P. L. 464, entitled: "An act to provide revenue and regulate the sale of malt, brewed, vinous and spirituous liquors . . . . by requiring and authorizing licenses to be taken out by brewers, distillers, &c." The first section of this statute fixes the amount to be paid for a license by distillers and, for this purpose, adopts a general system of classification based upon the amount manufactured at the distillery during the preceding year, in case the distillery has been licensed during that year. When a distillery is licensed through a continuous number of years, the only means provided by this statute, for fixing the license fee, when the distiller holds a license for the year which is about to expire and seeks to obtain a license for the following year, is to ascertain the amount of liquor which has been manufactured by the distillery during the year preceding the new application and, upon that alone, basing the charge to be made for the license for the year ensuing. The primary purpose of the statute was to make the amount of the license fee for any year dependent upon the amount manufactured at a distillery

which had held a license during the preceding year. The general system which the legislature thus adopted would not, however, provide any means of fixing the license fee to be paid by new distilleries, such as had never had a license. The legislature, in order to provide for these particular cases, adopted a specific provision, viz.: "All new distilleries and breweries established and located in any part of the Commonwealth shall pay a license fee of one thousand dollars for the first year." The word "new" in this section is not to be construed as referring to the buildings in which the distilling is carried on, but manifestly means all distillers who have not been licensed during the preceding year. When thus construed the statute presents a complete schedule under which all distillers may be properly classified. The paragraph of the statute which it is necessary to consider, in connection with that above quoted, as directly bearing upon the question here involved is in the following words, "Each distiller, the annual production of whose distillery in the preceding year was less than fifty barrels, shall pay annually a license fee of one hundred dollars." It is contended on the part of the appellee that the license fee to be fixed for this appellant cannot come within the paragraph last quoted, for the reason that no liquor had been distilled at this establishment during the preceding year. The argument is that this paragraph only applies where some liquor has been distilled, which can be measured in barrels, and that as the appellant had distilled no liquor it must pay the same license fee which would be required of a new applicant. This contention entirely loses sight of the fact that the license of a distillery authorizes it to do more than merely distill the liquor from grain. The license is necessary in order that the distiller may sell his own product whether distilled before or during the year in which the sale is made. The distiller must have license to sell his product. The product may accumulate during one or more years and there may come a time when the supply of the product on hand will be sufficient to meet

the requirements of the business without continuing to manufacture. The license does not cease to be effective during the year merely because the process of distilling is for the time suspended. The legislature did not see fit to make special provision for the fixing of license fees in such cases. The system of fees is not based on the capacity of the distilleries but upon the actual product during the year preceding that for which the license is granted. Careful reading of this statute has convinced us that the words "the annual production of whose distillery in the preceding year was less than fifty barrels," must be construed as meaning "not more than fifty barrels;" for the next paragraph fixes the rate for distilleries, the production of which in the preceding year "was more than fifty barrels and less than one hundred barrels," at $200. Unless the paragraph with which we are dealing is construed to include all distilleries which do not produce more than fifty barrels, then the statute failed to fix any license fee for a distillery which produced exactly fifty barrels, and it likewise failed to fix a license fee for distilleries which produced 100 barrels, 200 barrels, 300 barrels and all the other numbers of barrels, up to 20,000 barrels mentioned as the various maximum amounts upon which the license fee depended. The appellant was not a new distiller, it had a license then in force, under which it had the lawful right to carry on the business, and it clearly did not come within the class of "new distilleries," for which the legislature made special provision. The distillery had not manufactured more than fifty barrels of liquor during the preceding year, and the license fee which the law required it to pay was $100. We are not here dealing with a case where the court below, in the exercise of its lawful discretion, has refused to grant a license. The license having been granted the question is what amount did the law require the licensee to pay.

The order of the court below is modified, as to the amount of the license fee required to be paid, which is now fixed at $100.